**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

SANDRA PORTER, et al.,

        Plaintiffs - Appellants,

  v.

UNITED AIRLINES, INC.,

        Defendant - Appellee.

No. 24-6964

D.C. No.
3:22-cv-04886-RFL

MEMORANDUM*

---

Appeal from the United States District Court
for the Northern District of California
Rita F. Lin, District Judge, Presiding

Submitted February 11, 2026**
San Francisco, California

Before: N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

    Sandra Porter, Lettice Mahoney, George Porter, and Lajuana A. Reid

(collectively "Appellants") appeal the district court's grant of summary judgment

to United Airlines ("United") on their California tort claim alleging that United's

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to return their sister Engracia Figueroa's ("Figueroa") wheelchair in its original condition exacerbated her preexisting health issues and resulted in her death. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Jones v. Royal Admin. Servs., Inc.*, 887 F3d 443, 447 (9th Cir. 2018). We affirm.

Appellants' negligence claim fails because they did not present sufficient evidence from which a reasonable jury could find that United's acts or omissions were the proximate cause of Figueroa's death. "In California, the 'plaintiff in a negligence suit must demonstrate a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury.'" *Steinle v. United States*, 17 F.4th 819, 822 (9th Cir. 2021) (quoting *Vasilenko v. Grace Fam. Church*, 404 P.3d 1196, 1198 (Cal. 2017)). "The [proximate cause] doctrine can bar liability even when the defendant's conduct is a factual cause of harm, depending on the manner in which the injury occurred or the extent to which the ultimate harm is attenuated from the breach of duty alleged." *Id.* Plaintiffs bear the burden of establishing causation, including proximate cause. *Rexall Drug Co. v. Nihill*, 276 F.2d 637, 643 (9th Cir. 1960) (citing *Spencer v. Beatty Safway Scaffold Co.*, 297 P.2d 746, 751 (Cal. Ct. App. 1956)). "Although causation often presents a question of fact for the jury, 'where the facts are such that the only reasonable conclusion is an absence of causation, the question is one of law, not of

fact.'" *Steinle*, 17 F.4th at 822 (quoting *State Dep't of State Hosps. v. Super. Ct.*, 349 P.3d 1013, 1022 (Cal. 2015)).

It is undisputed that United owed Figueroa a duty to return her wheelchair in its original condition and breached that duty by failing to do so. United's breach, however, was too attenuated from Figueroa's injury to satisfy the proximate cause requirement. *See id.* at 824. After United failed to return Figueroa's wheelchair in its original condition, Figueroa chose to use her own wheelchair repair company rather than United's provider, accepted a loaner wheelchair from that provider during the repairs, and continued to use the loaner wheelchair despite its alleged detrimental effects on her health. There is no evidence that this course of events was a foreseeable result of United's breach. Although Appellants presented evidence that Figueroa's wheelchair was highly customized, there is no evidence that properly-fitting wheelchairs were scarce or difficult to obtain, or that damage to a wheelchair generally poses a risk of serious injury or death due to replacement difficulties.

While United's failure to return Figueroa's wheelchair in working condition may have "set in motion the particular series of events" leading to Figueroa's death, it did not "generally increase the risk" that a customer would select and use an ill-fitting loaner wheelchair that exacerbated preexisting health conditions. *Shih v. Starbucks Corp.*, 267 Cal. Rptr. 3d 919, 925–26 (2020) (quotation marks and

citation omitted).  As in *Shih*, the ultimate harm here resulted from intervening acts not reasonably foreseeable from the alleged breach.  *See id.* (holding that while Starbucks's conduct in serving the plaintiff a full cup of hot tea without a cup sleeve set in motion the course of events that led to plaintiff's burns, those injuries were unforeseeable because plaintiff spilled her drink after she "put her drink down, and removed the lid, she bent over the table, pushed out her chair, lost her balance, grabbed the table to avoid falling, and knocked her drink off the table."). On this record, United's conduct was too remotely connected to Figueroa's injury to constitute its legal cause.[1]  *See Modisette v. Apple Inc.*, 241 Cal. Rptr. 3d 209, 225 (2018).  Accordingly, Appellants failed to raise a triable issue of material fact on any negligence theory, and thus, the district court properly entered summary judgment in favor of United.[2]

**AFFIRMED.**

---

[1] Because Appellants did not raise a genuine issue of material fact on proximate cause—an essential element of their negligence claim—we do not address whether there is a triable issue regarding the medical cause of Figueroa's death and the admissibility of Dr. Michel Brones's medical causation rebuttal opinions.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

[2] To the extent Appellants also argue that United breached a duty to replace Figueroa's wheelchair, Appellants also failed to present any evidence that United owed or breached this duty, or that any alleged breach caused Figueroa's injury and death.